## WRIGHT v. BALDWIN & COMPANY.

There being no complaint of the charge of the court or of omission to charge, and the statute of frauds not being pleaded, and it not appearing that it was insisted upon at the trial, the only question is whether the evidence was sufficient to warrant the jury in finding that the property in controversy belonged to the plaintiff, either in consequence of a rescission of the original contract of sale or by reason of a repurchase consummated by delivery, actual or constructive. The evidence appearing to be sufficient to sustain the verdict, the judgment overruling the motion for a new trial is                                                          *Affirmed.*

May 27, 1892.

Contract. Rescission. Before Judge McWHORTER. Taliaferro superior court. August term, 1891.

Bail-trover for a lot of shoes was brought by Baldwin & Company against Wright. The verdict was in favor

v 89-24

of the plaintiffs, and the defendant moved on the general grounds for a new trial; the motion was overruled, and he excepted.   The evidence showed the following:

Baldwin testified:   Sold the defendant several bills of shoes, aggregating about $600; became apprehensive about the collection of the debt, and called upon him on or about January 10, 1891; he admitted his embarrassment, but said he was anxious to see that I lost nothing by him, etc.; he finally paid me $100 and agreed to turn over the balance of the shoes in payment of my claim; he then had the shoes in his store, and said there were from $450 to $500 of them, all of which he had bought of us; I started to box and ship the shoes that day, but he said that would embarrass him, and promised that he would pack them that night and ship them at once; relying upon that promise I did not have the goods attached; they were not shipped as promised, and I then brought this action; the $100 paid me by him cancelled one of his notes, and the overplus was credited on the other note; the shoes were sold to him on account in September, 1890, title not being retained in writing; afterwards I took his notes for the same; the $100 paid and the shoes given back to rescind the sale about settled our claim; we agreed to call it square; he made no condition about his sending the shoes, but agreed unconditionally to box and ship them to me.

The defendant testified:   I bought the shoes straight out in September, 1890; in January, 1891, Baldwin called to see me; I was anxious to pay him, and am yet; told him of my financial embarrassment, and discussed with him the advisability of my making an assignment; Burnett was with him, and he said an assignment was a bad course to pursue, "as the Supreme Court had decided that they were dangerous things to monkey with"; I paid Baldwin $100 on my notes, and agreed that if I made an assignment, which I would determine by Mon-

day, in that event I would ship him the shoes back, but if I continued the business I would still keep them; on Monday morning I wrote him that I had concluded to try and carry on the business, and therefore declined to ship him the goods; they still hold the notes I gave, except a $100 note.

Burnett testified: Was not acting as attorney for Baldwin, but was representing other claims against the defendant; he paid Baldwin $100 in money, and turned over the shoes in settlement of the balance of the account; Baldwin wanted to box and ship them that day, but defendant said that would embarrass him, and he promised Baldwin, if he would go home, that he would box them that night and ship them; I had drawn an attachment, and would have levied it on the shoes but for this agreement; there was nothing conditional upon defendant's making an assignment; he agreed straight out to rescind the sale and return the goods to Baldwin.

JOHN C. HART and W. O. MITCHELL, for plaintiff in error.

H. T. LEWIS, H. M. HOLDEN and T. S. MELL, *contra*.